IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEXANDER POLANCO-JIMENEZ, | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | Case No. A-18-CR-062(1)-RP |
| | § | A-19-CV-1026-RP-SH |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| *Respondent* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before this Court are Alexander Polanco-Jimenez's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. No. 53); the Government's Response to Movant's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No 59); and Movant's Response to Government's Response Motion (Dkt. No. 60). On October 25, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.   BACKGROUND**

On February 20, 2018, Alexander Polanco-Jimenez ("Movant") was indicted and charged with Sexual Exploitation of a Child and Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) & (e)2 (Count One), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Two). Dkt. No. 22. On July 30, 2018, Movant pled guilty, pursuant to a

Plea Agreement,[1] to Count Two of the Indictment. Dkt. Nos. 37-38. As part of his Plea Agreement, Movant agreed to waive his right to appeal his sentence on any ground "except in a case in which the sentence imposed by the Court is greater than the maximum sentence authorized by statute." Dkt. No. 33 at p. 5. In addition, Movant agreed to waive his right to file a § 2255 motion except to challenge his sentence due to ineffective assistance of counsel or prosecutorial misconduct. *Id.* at p. 6.

On October 11, 2018, the District Court sentenced Movant to 60 months imprisonment, a ten-year term of supervised release, a $100 special assessment fine, and a $5,000 assessment under the Justice for Victims of Trafficking Act, 18 U.S.C. § 3014. Movant did not file a direct appeal of his conviction and sentence.

On October 18, 2019, Movant filed the instant § 2255 Motion, alleging that his sentence should be vacated because he was denied the effective assistance of counsel.

## II. STANDARD OF REVIEW

Under § 2255, four general grounds exist on which a defendant may move to vacate, set aside, or correct his or her sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)

---

[1] Dkt. No. 33.

(quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). If the error is not of constitutional or jurisdictional magnitude, the movant must show that it could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). A defendant's claim of ineffective assistance of counsel gives rise to a constitutional issue and is cognizable pursuant to § 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

### III.    ANALYSIS

Movant alleges that he was denied the effective assistance of counsel during the proceedings before the District Court because his counsel:[2] (1) failed to argue that the images at issue should not have been considered "child" pornography; (2) failed to adequately explain the Plea Agreement to him and ensure that his guilty plea was knowing and voluntary; (3) promised him that he would only receive a three-year term of supervised release if he pled guilty; (4) failed to argue that the District Court lacked jurisdiction to sentence him under 18 U.S.C. § 2252A(a)(5)(B); and (5) failed to argue that certain evidence should have been suppressed. Movant also requests an evidentiary hearing on his § 2255 Motion.

To prevail on an ineffective assistance of counsel claim, a petitioner must show that her counsel's performance was deficient and that the deficiency prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312

---

[2] Movant was represented in his criminal case by Jon Evans, Victor Arana, and Charles Fagerberg.

3

(5th Cir. 1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-13 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997)).

**A. The Offense of Child Pornography**

Movant argues that his counsel was ineffective because he should have argued that Movant did not violate 18 U.S.C. § 2252A(a)(5)(B) because there was no "child" involved in the offense. Dkt. No. 53-1 at p. 11. Movant argues that because the victim in this case was 16 years old, she was not a child, and thus he should not have been convicted for possession of child pornography. Movant's argument is nonsensical.

Movant pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), which makes it a crime to:

> knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of *child pornography* that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

18 U.S.C.A. § 2252A(a)(5)(B) (emphasis added). "Child pornography" is defined as:

> any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—
>
>> (A) the production of such visual depiction involves the use of a *minor* engaging in sexually explicit conduct;
>>
>> (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a *minor* engaging in sexually explicit conduct; or
>>
>> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable *minor* is engaging in sexually explicit conduct.

18 U.S.C. § 2256(8) (emphasis added). "Minor" is defined as "any person under the age of eighteen years." 18 U.S.C. § 2256(1).

As explained in detail in the Factual Basis contained in the Plea Agreement, Movant was charged with violating § 2252A(a)(5)(B) after law enforcement officials discovered pornographic images of a 16-year old teenager ("Victim I") on his cell phone. Dkt. No. 33. Law enforcement officers later discovered that Movant, who was 37 years old at the time, was involved in a sexual relationship with Victim I. *Id.* at p. 3. Victim I told law enforcement officials that Movant would pick her up from high school, the two had sexual intercourse several times, and that Movant would take photographs of her performing sexual acts. *Id.* Victim I also told law enforcement officials that Movant knew that she 16 years old. *Id.* Movant admitted to all of this in his Plea Agreement:

> [T]he Samsung phone at issue was his, he knew there were images on the phone of Victim I engaging in sexually explicit conduct because the Defendant took the pictures, he knowingly possessed the phone while it had the sexually explicit images of Victim I on it, Victim I was 16 at the time the sexually explicit images were taken, the Defendant knew Victim I was 16, and the images of Victim I were produced by the Samsung phone, which had travelled in interstate commerce.

5

Thus, Movant clearly admitted violating § 2252A(a)(5)(B) by taking photographs of a 16-year-old minor engaging in sexually explicit conduct. As quoted above, § 2252A(a)(5)(B) does not require the victim to be a "child," but rather a *minor*. It is not disputed that Victim I was a minor. Accordingly, any argument that Movant did not violate § 2252A(a)(5)(B) would have been futile. The Fifth Circuit "has made clear that counsel is not required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Accordingly, Movant's attorney cannot be deficient for failing to raise such a meritless argument. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue").

Movant also argues that the victim did not "look her age" and that his relationship with her was entirely "consensual." Dkt. No. 53-1 at p. 9. Movant claims that he did not know that having a sexual relationship with a 16-year-old or taking pornographic photographs of a 16-year-old was illegal because in his home-country, Cuba, it is "not a crime." *Id.* at p. 7, 9. Neither theory is a defense to violating § 2252A(a)(5)(B). Regardless, Movant's attorney raised these same arguments at Movant's Sentencing Hearing, and they were properly rejected by the District Court. *See* Dkt. No. 59-2 at p. 26-29. Accordingly, Movant's counsel could not have been deficient for failing to make arguments he actually made.

### B.  Voluntary and Knowing Plea Agreement

Movant next argues that his attorney failed to adequately explain the Plea Agreement to him and ensure that his guilty plea was knowing and voluntary. Movant's statements during his plea hearing negate these claims.

Because a guilty plea involves the waiver of constitutional rights, it must be voluntary, knowing, and intelligent. *Brady v. United States*, 397 U.S. 742, 748 (1970). To enter a knowing and voluntary guilty plea, a defendant must have full knowledge of what the plea connoted and of its consequences. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citation omitted). In addition, the district court must "determine that the factual conduct to which the defendant admits is sufficient as a matter of law to constitute a violation of the statute." *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (emphasis omitted).

Movant's plea colloquy demonstrates that Movant was advised and understood the essential elements of Count Two of the Indictment, the range of penalties, and the consequences of pleading guilty. Dkt. No. 59-1. During his plea hearing before Unites States Magistrate Judge Mark Lane, Movant informed Judge Lane that he had carefully read and understood the Plea Agreement;[3] he agreed to the Factual Basis detailed in the Plea Agreement;[4] he had "enough time" to visit with his attorney regarding the Plea Agreement and the offense he was pleading guilty to;[5] he was satisfied with his attorney's representation of him in the case;[6] he fully understood the statutory range of punishment in his case, and that he was waiving his right to appeal his sentence;[7] and agreed that

---

[3] Dkt. No. 59-1 at p. 13, 14.

[4] *Id.* at p. 39.

[5] *Id.* at p. 7, 10.

[6] *Id.* at p. 12.

[7] *Id.* at p. 14-16, 34.

7

he was pleading guilty knowingly, freely, voluntarily, and with the advice of counsel.[8] A defendant's "solemn declarations in open court" concerning the knowing and voluntary nature of the plea "carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (quoting *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001)).

Thus, the record demonstrates that Movant acknowledged that his counsel fully apprised him of the Plea Agreement, the charges against him, and his maximum sentence exposure prior to pleading guilty, and his conclusory allegations to the contrary are insufficient to demonstrate ineffective assistance of counsel. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

### C. Supervised Release

Movant next argues that his attorney was ineffective because he promised Movant that he would only receive a three-year term of supervised release if he pled guilty, and the District Court sentenced him to a ten-year term of supervised release. While Movant claims that his attorney promised that he would only receive a three-year term of supervised release, the record shows otherwise.

While Movant's Plea Agreement referred to a three-year-term of supervised release, Judge Lane specifically informed Movant at his Plea Hearing that his statutory sentence range of punishment was "[a] term in federal prison of not more than 10 years, to be followed by a supervised release term of not less than five years, but it could be all the way up to the rest of your

---

[8] *Id.* at p. 21-23, 28-29, 35-37.

lifetime . . . ." Dkt. No. 59-1 at p. 22. Movant informed Judge Lane that he understood this statutory range of punishment. *Id.* Judge Lane also explained to Movant:

> Your lawyers may have gone so far as to attempt to predict the sentencing guideline range that may apply in your case, and, again, this is perfectly appropriate. But do you understand that that is your lawyer's best guess and estimate, that it is not binding upon the district judge, and the district judge will arrive at his own independent conclusion as to what your sentence should be?
>
> * * *
>
> You simply do not know what your sentence will be. All you know with certainty is that it will not be greater than the statutory range of punishment.

*Id.* at p. 33-34. Movant again acknowledged that he understood all of this. In addition, Movant's Presentence Investigation Report ("PSR") also informed him that his term of supervised release would be five years to life. Dkt. No. 43 at p. 13.

At his Sentencing Hearing, Movant's attorney brought up the discrepancy between the Plea Agreement's reference to a three-year term of supervised release and the PSR's reference to a five-year to life term of supervised release. Dkt. No. 59-2 at p. 13-14. Judge Pitman informed Movant that the correct range for the term of supervised release was what was discussed at his Plea Hearing: "a potential for any term of Supervised Release up to a period of life and that there is actually a minimum term of Supervised Release of five years." *Id.* at p. 16. However, to avoid any confusion on the issue, Judge Pitman told Movant: "I want you to have the opportunity to visit with your lawyer about whether or not you want to continue with this Plea Agreement, and with your guilty plea if I am going to find that the period – the appropriate period of Supervised Release is a minimum of five years and could be up to life." *Id.* Accordingly, Judge Pitman recessed the hearing so that Movant could discuss the issue with his attorney. *Id.* at p. 18.

9

After the Sentencing Hearing was resumed, defense counsel informed the Court that "[w]e've discussed that the proper Supervised Release range is five to life, and we're prepared to continue with the plea under that assumption, Your Honor, or under that understanding." *Id.* Movant also stated on the record that he understood that the term of supervised release was five years to life, and that he desired to continue with his plea. *Id.* Thus, Movant was fully informed of the consequences of his plea and the fact that his range of supervised release was five years to life, not three years. The fact that Judge Pitman sentenced Movant to a ten-year term of supervised release does not mean that he was denied the effective assistance of counsel. As noted, Movant's defense counsel raised this objection with the District Court, but the District Court overruled the objection. The fact that the District Court did not sustain all of defense counsel's objections does not mean that defense counsel was ineffective. *United States v. Porter*, 2019 WL 5684261, at *3 (E.D. La. Nov. 1, 2019) ("The fact that Defendant's counsel was unsuccessful in his argument does not render his assistance constitutionally ineffective.").

**D. The Jurisdiction of the District Court**

Movant argues that his attorney should have argued that the District Court lacked jurisdiction to sentence Movant for a violation of § 2252A(a)(5)(B) because none of the images traveled in interstate commerce. Movant's argument is foreclosed by Fifth Circuit precedent.

In order to convict a defendant under § 2252(a)(5)(B), the government must prove that the defendant possessed an image of child pornography "that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, *or* that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer." 18 U.S.C. § 2252A(a)(5)(B). In this case, the

Government relied on the second prong of the statute to show that Movant's cell phone, which was manufactured in China, had been mailed, shipped or transported in interstate and foreign commerce. As the Fifth Circuit has stated "when items transmitted through interstate commerce are used to produce child pornography, it is sufficient to establish this element of the offense and the jurisdictional hook required by the Commerce Clause." *United States v. Looney*, 606 F. App'x 744, 747 (5th Cir. 2015) (holding that "the proof that the camera used to produce the pornography was shipped into Texas from another state is sufficient to support [a defendant's] conviction").

The Fifth Circuit has repeatedly rejected jurisdictional arguments based on the Commerce Clause in possession of child pornography cases. In *United States v. Kallestad*, 236 F.3d 225, 228 (5th Cir. 2000), a defendant who was charged with violating 18 U.S.C. § 2252(a)(4)(B) argued that possession of child pornography did not have a sufficiently substantial effect on interstate commerce to fall within Congress's authority under the Commerce Clause. While there was no evidence that the photographs at issue moved in interstate commerce, the evidence established that the film used by the defendant had traveled in interstate commerce. *Id.* at 229. The Fifth Circuit held that the statute fell within Congress's power under the Commerce Clause, noting the existence of an interstate market in child pornography and finding that Congress "can reach purely local possession if it rationally determines that doing so is necessary to effectively regulate the national market." *Id.* at 230. The court found that Congress was legitimately seeking to eliminate the interstate market for child pornography and noted that "Congress can reach [defendant's] pornography because it legitimately seeks to eliminate the interstate market for child pornography. And it is rational to conclude that reaching local possession is a necessary incident to that objective." *Id.* at 231.

Similarly, in *United States v. Dickson*, 632 F.3d 186 (5th Cir. 2011), a defendant was convicted of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and producing child pornography in violation of 18 U.S.C. § 2251(a) after a CD containing videos and images of child pornography was found in his home. The parties conceded that the images never traveled in interstate commerce, but the government argued that the CD holding the images was made in China. The Fifth Circuit found this sufficient to support a conviction, noting that *Kallestad* foreclosed the defendant's Commerce Clause argument. In confirming his conviction, the Fifth Circuit stated: "Because the government presented sufficient evidence that the CD was shipped from the Republic of China, a reasonable fact-finder could have found that Dickson produced the pornographic images using materials that traveled in interstate or foreign commerce." *Id.* at 190.

Likewise, in *United States v. Rivers*, 598 F. App'x 291 (5th Cir. 2015), a defendant pleaded guilty to producing child pornography under 18 U.S.C. § 2251(a) and possessing prepubescent child pornography under 18 U.S.C. § 2252A(a)(5)(B). In the factual basis for his plea, the defendant admitted that the child pornography was produced using materials that were "mailed, shipped, or transported in or affecting interstate or foreign commerce" and possessed on a cellular telephone that was produced using materials that were "mailed, shipped, or transported in or affecting interstate or foreign commerce." *Id.* at 291. The Fifth Circuit affirmed defendant's conviction, stating: "We have held that the Commerce Clause authorizes Congress to prohibit local, intrastate possession and production of child pornography where the materials used in the production were moved in interstate commerce." *Id.* at 292 (citing *Dickson*, 632 F.3d at 192; *Kallestad*, 236 F.3d at 226–31).

Accordingly, Fifth Circuit precedent forecloses Movant's Commerce Clause argument.

### E. Failure to Object to Evidence

Movant also argues that his attorney was ineffective because he should have filed a motion to suppress the search warrant used to confiscate his cellular phone. In addition, Movant argues that his attorney should have objected to Victim I's statements to law enforcement officials that were used against him.

"By pleading guilty voluntarily and unconditionally, a criminal defendant waives his right to challenge any nonjurisdictional defects in the criminal proceedings that occurred before the plea. This waiver includes the right to raise any further objections based on the denial of a motion to suppress." *United States v. Olson*, 849 F.3d 230, 231 (5th Cir. 2017). Thus, by pleading guilty, Movant has waived any right to object to the evidence. In addition, Movant failed to allege any legal bases for the suppression of evidence in this case. As defense counsel stated in his affidavit:

> I did not see a valid challenge to the search warrant as being an issue to raise, as the agents had a valid search warrant to retrieve information regarding the suspected credit card abuse/fraud scheme, and found this pornographic material in question which clearly would have been considered contraband, and thus, legally obtained by law enforcement.

Dkt. No. 59-4 at p. 4. As noted, counsel cannot be deficient for failing to raise a meritless argument. *See Kimler*, 167 F.3d at 893.

### F. Request for Hearing

Finally, Movant argues that he is entitled to an evidentiary hearing on his § 2255 Motion. A district court may deny an evidentiary hearing "if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). Movant is not entitled to a hearing in this case because the motion, files, and record conclusively show that he is not entitled to relief. Accordingly, Movant's request for a hearing is **DENIED**.

## IV.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Alexander Polanco-Jimenez's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. No. 53).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 26, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE